No. 15,270.

LEFLER v. THE STATE.

CRIMINAL LAW.—*Indictment.*—*Incorrect Orthography.*—Mere incorrect orthography will not vitiate an indictment.

INSTRUCTIONS TO JURY.—*Credibility of Witnesses.*—*Weight of Evidence.*—*Incorrect Instruction as to.*—An instruction in which the court undertakes to state to the jury the claims or theories of the parties as to the credibility of witnesses, and the weight to be given to their testimony, and to confine the jury, in the consideration of those matters, to the limitation prescribed, is erroneous.

From the Elkhart Circuit Court.

*H. D. Wilson, W. J. Davis, J. D. Osborn* and *A. S. Zook,* for appellant.

*L. T. Michener,* Attorney General, and *E. E. Mummert,* for the State.

BERKSHIRE, J.—This was a prosecution for sodomy. The appellant was convicted and sentenced to the State's prison for the term of two years.

The following are the errors assigned :

" 1. The court erred in overruling the appellant's motion to quash the indictment.

" 2. The court erred in overruling the appellant's motion for a new trial.

" 3. The court erred in overruling the appellant's motion in arrest of judgment."

The first and third errors present the same question. The objection taken to the indictment rests upon the orthography of the pleader who drew the indictment, and is limited to one material word employed in the indictment.

Mere incorrect orthography will not vitiate an indictment. It is hardly necessary to cite authorities to support a proposition so well settled and understood.

In our opinion the indictment is sufficient, and the

court committed no error in overruling either the motion to quash or in arrest of judgment.

The court below gave to the jury, upon its own motion, the following instruction:

" The claim of the State is, that fools and children tell the truth ; that said Gardner is too simple to invent such a story, and too simple to carry it out ; crying, and telling young Cox what had been done ; that he had no motive to induce him to make up and tell such a horrible story against the defendant. The claim of the defendant is that he simply saw Gardner pass by, and spoke to him, but did not touch him ; that the story told by him is an idiotic freak of the said Gardner. In support of this claim the defendant refers to the many absurd and impossible things sworn to by said Gardner ; and, in opposition, the State claims that said Gardner, when simply asked to state what occurred, and left to himself to state it in his own way without suggestion, uniformly made statements showing the defendant's guilt ; and that he simply assented to all the absurd things suggested to him by defendant's counsel, by leading questions on cross-examination. As to the truthfulness of the various claims of the State, and the defendant, you are the exclusive judges."

This instruction is indefensible. The witness, Gardner, was the prosecuting witness, and upon his credibility, and the truthfulness of his story, the prosecution had to stand or fall.

It was the right and duty of the court to inform the jury that they were the exclusive judges of the credibility of the witnesses, and the weight to be given to their testimony, and to call attention to the well-settled rules in the light of which the credibility of witnesses and the weight to be given to their testimony, may be considered by the jury ; but the court went beyond its province and invaded the province of the jury when it undertook to state to them the theories, or claims, of the parties as to the credibility of witnesses,

It was the right of the appellant, through his counsel, to argue to the jury, from the evidence that had been introduced, that the prosecuting witness was not entitled to credit, and that his testimony should be disregarded for other reasons than those stated in the instruction of the court, and it was the duty of the jury to consider those questions with reference to all the evidence before them relating thereto.

There are other questions presented by the record, but as they will not probably arise in another trial we need not consider them.

The judgment is reversed, and the court below directed to grant a new trial, and to proceed in accordance with this opinion.

The clerk of this court is directed to make the proper order for the return of the appellant to the custody of the sheriff of Elkhart county.

Filed Dec. 20, 1889; petition for a rehearing overruled Feb. 19, 1890.